OPINION
The defendant-appellant, James L. Smith ("appellant"), appeals the judgment of the Tiffin Municipal Court finding him guilty of criminal trespass. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On July 20, 1999, the appellant was charged with criminal trespass, in violation of R.C. 2911.21(A)(1). The charge stemmed from a report filed by Michael and Jane Bintz alleging that the appellant was on their premises without permission two days earlier. A jury trial was held in this matter on August 31, 1999, which resulted in the appellant being found guilty of criminal trespass. It is from this judgment that the appellant appeals.
The appellant is appearing before this court pro se. Appellate Rule 16 sets forth the necessary contents of an appellate brief. While the appellant's brief includes all the required sections, it is unclear from any of the information submitted by the appellant what error he is attempting to challenge. After a thorough review of the appellant's brief, it appears that he is asserting two assignments of error.
 Assignment of Error No. 1 The appellant was denied the effective assistance of counsel due to his trial counsel's failure to submit certain evidence to the jury and to cross-examine witnesses during the trial.
The appellant contends that his trial counsel was ineffective for failing to offer into evidence the voluntary statements given to the police by the appellant, the harassment charges he filed against Michael and Jane Bintz, and for failing to cross-examine the State's witnesses at trial.[1] For the following reasons, we disagree.
The United States Supreme Court set forth the test for effective assistance of counsel in Strickland v. Washington
(1984), 466 U.S. 668. Under the two-pronged Strickland test, a defendant must show that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and that "the deficient performance prejudiced the defense." Id. at 687. Ohio has, essentially, adopted the Strickland analysis for determining whether counsel's performance was so defective as to require reversal of a conviction. State v. Smith (1985), 17 Ohio St.3d 98,100. See, also, State v. Frazier (1991), 61 Ohio St.3d 247,253.
As cautioned in Strickland, "judicial scrutiny of counsel's performance must be deferential." Id. Further, a reviewing court in Ohio must presume that "a properly licensed attorney" is competent to conduct a criminal defense. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56. Strategy and tactical decisions exercised by defense counsel "well within the range of professionally reasonable judgment need not be analyzed by a reviewing court." Strickland, supra. See, also, State v. Walker
(1993), 90 Ohio App.3d 352.
The decisions made by the appellant's trial counsel were all within the range of reasonable professional judgment. Therefore, the appellant was not denied the effective assistance of counsel. Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2
The jury's verdict is against the manifest weight of the evidence.
The appellant contends that he did not commit the actions alleged and given the evidence, he should not have been found guilty of this offense. For the following reasons, we disagree.
The test to determine whether a conviction is against the manifest weight of the evidence is found in State v. Martin
(1983), 20 Ohio App.3d 172, see, also State v. Thompkins (1997),78 Ohio St.3d 380. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Martin, 20 Ohio App.3d at 175.
In this case, we were only provided with a partial record of the jury trial. It is the responsibility of the appellant to order the portions of the transcript he considers necessary for inclusion in the record. App.R. 9(B). The appellant only included the testimony of Mike Bintz and Jane Bintz in the record provided to the trial court. Therefore, we are unable to review the entire record to determine whether the verdict of the trial court was or was not against the manifest weight of the evidence. However, from the portions of the record supplied for our review, it appears that the verdict was supported by competent, credible evidence and, therefore, was not against the manifest weight of the evidence. Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 WALTERS and BRYANT, JJ., concur.
[1] The record received by this Court clearly reflects that the appellant's counsel did in fact cross-examine the State's witnesses.